Avery, J.
Augustus R. Street brought an action of assumpsit against the Geauga Iron Company, in the common pleas of Lake county. The declaration contained several special counts, and the common money counts.
Plea, non-assumpsit.
The cause, as appears by the record, was submitted to a jury, who returned a verdict for Street, the plaintiff; thereupon, the court rendered a judgment in his favor. To reverse this judgment, the present writ of error is prosecuted.
A paper, which is called a bill of exceptions, is sent up to this court, as a part of the record ; it appears to have been signed and sealed by the judges, at the instance of the defendant in the court below, and to have been made a part of the record of that court, and to give a detail in part of the proceedings and testimony in the case.
Now, an examination of the. whole record shows no error, unless it may be discovered in some one of the assignments based upon this bill of exceptions. It becomes necessary to inquire, therefore, whether this bill furnishes any foundation for the reversal of the judgment.
According to our statute, either party may allege an ex ception to any opinion, order, or judgment of the court, and *301 is then entitled to a bill containing such exception. The judges, if required by such party, must sign and seal the bill during the progress of the cause; or, with the consent of the party, may postpone the execution of it till after the trial, though it must be done during the term, and when sighed and sealed, must, if the party desire it, be made a part of the rec-. ord. 43 Ohio Laws 80.
In the progress of a trial, if a motion to direct a nonsuit be made to the court, it must be decided; and to the decision upon that motion, either party has a right to except. But to claim any benefit from the right, the party must exercise it, by actually excepting to the opinion, and showing that he did so except, by the record. When an objection is made to the introduction of testimony, the court must decide whether it be admissible or not. If either of the parties, upon hearing the decision, is not satisfied with it, he may except; but if no exception appears upon the record, it will be presumed that none was taken. To the charge of the court, or the refusal to charge when requested, the exception must appear, or no ground will be shown by the record to justify a reversal of the judgment.
Upon the trial of this cause before the common pleas, the plaintiff offered to introduce, at different times, certain evidence, to the introduction of which, the defendant objected; the court decided in each case, upon the question submitted; but it is no where stated that any objection-was taken to the decision. The defendant moved for a nonsuit, which the court refused, but no exception to the refusal appears. The court gave a charge to the jury, and when asked by the defendant to charge in a particular manner, refusedbut no exception is taken to either charge or refusal.
At the close of the document, it is said that the defendant presents this, his bill of exceptions, praying that it be signed and sealed, and made a part of the record, which is done.
This is but giving a name to the paper, not showing an exception to any opinion, as either alleged or recorded.
*302 A professional statement from one of the counsel engaged in the cause, is placed upon file, with a letter, intimating a be lief that the judges would be willing to amend; but it is too late to amend the bill of exceptions.
In the opinion of the court, there is no error in the record, and the judgment of the common pleas must be affirmed.
Hitchcock, C. J., having been one of the original counsel in the cause, did not take part in the decision.